IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARTHA MOWERY and DONALD ATWOOD, JR., on behalf of D.A., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 08-3042-CV-S-REL ) |
| BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF SPRINGFIELD R-12 and THE SCHOOL DISTRICT OF SPRINGFIELD R-12, | ) ) ) ) ) |
| Defendants. | ) |

**O R D E R**

Plaintiffs Martha Mowery and Donald Atwood, Jr., on behalf of D.A., a minor, filed the instant action against the Board of Education of the Springfield R-12 School District and the Springfield R-12 School District on January 30, 2008. On April 14, 2008, plaintiff[1] filed a 35-page amended complaint (document number 10) along with exhibits appealing a decision by the Due Process Hearing Panel pursuant to the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1401 et seq. The Panel Decision had been rendered on December 20, 2007.

On January 26, 2001, the parties presented oral argument on their respective positions. After carefully considering all of the evidence and the parties' arguments, I will affirm the ruling of the Administrative Panel.

---

[1]In this order I refer to plaintiff in the singular, referring to D.A. -- the student.

When reviewing a school district's compliance with the IDEA's requirements after an administrative hearing, the district court should make an "independent decision," based on a preponderance of the evidence, whether the IDEA was violated. Pachl v. Seagren, 453 F.3d 1064, 1068 (8th Cir. 2006); T.F. v. Special School District of St. Louis County, 449 F.3d 816, 818 (8th Cir. 2006); Neosho R-V Sch. Dist. v. Clark, 315 F.3d 1022, 1027-28 (8th Cir. 2003). The court must nonetheless give "due weight" to the administrative proceedings and should not "substitute [its] own notions of sound educational policy for those of the school authorities" which it is reviewing. Id. at 1028 (quoting Bd. of Educ. v. Rowley, 458 U.S. 176, 206 (1982)). "Because judges are not trained educators, judicial review under the IDEA is limited." E.S. v. Indep. Sch. Dist., No. 196, 135 F.3d 566, 569 (8th Cir. 1998).

In order to be eligible for special education services under the IDEA, a student must first be a "child with a disability" as defined in section 1401(3). The statute provides 13 categories of eligibility; plaintiff argues that he meets the statutory definition of the "other health impairment" category. 20 U.S.C. § 1401(3)(A)(I). The IDEA further requires that for eligibility the child must be found to have one of the enumerated disabilities that affects the child's educational performance and by reason thereof the child needs special education services. 34 C.F.R. § 300.8(c)(9)(ii). "It is not whether something, when

considered in the abstract, can adversely affect a student's educational performance, but whether in reality it does." Marshall Joint School District No. 2 v. C.D. ex rel. Brian D., 616 F.3d 632, 637 (7th Cir. 2010), citing 34 C.F.R. § 300.8(c)(9)(ii).

The hearing panel found that plaintiff was not a child with a disability because any condition from which he suffered did not adversely affect his educational performance:

> Despite a number of school absences (approximately 43 days) in the 2005-2006 school year, Student was doing reasonably well in classes - A's, B's and C's; participating in a gifted program called Bridges; had only 5 discipline referrals to the principal. (DEX 55-56). His standardized test scores showed that Student as a 4th grader was progressing at a 5th grade level. (DEX 49. p. 196-198). From August to December 2006 when the evaluation process started, there were no discipline referrals; he had not seen the counselor at school the first half of the year; Student's behaviors were better since he got new medicine and as he had started seeing his parents at school more often once they joined the PTA; he was getting along well with his new teacher, Emily Buff. (DEX 76, p. 315-316). His attendance was substantially better in that he had missed approximately 8 days in the first 3 quarters; he was getting B's and C's. (DEX 88, p. 420). In both school years, the grade cards did include areas of concern in Personal and Social Development but the teachers nevertheless graded Student as Satisfactory (as opposed to Unsatisfactory) in those categories. We accept the grade cards as evidence of his performance academically and socially because we did not receive the benefit of any testimony from Student's classroom teachers.

(See page 52 of the hearing panel decision).

After careful consideration of all the evidence and the parties' arguments, and giving due weight to the decision of the hearing panel, I find by a preponderance of the evidence that defendant did not violate the IDEA because plaintiff has not

satisfied his burden that he was a child with a disability. Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49 (2005).

Therefore, it is

ORDERED that defendant's motion[2] for summary judgment is granted, and the decision of the hearing panel is affirmed.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
March 18, 2011

---

[2] There is no written motion for summary judgment by either party pending. Due to repeated non-compliance with my orders, the motions were stricken and oral argument was scheduled. Because the history of the case was outlined in detail in my order setting oral argument, I will not repeat it here. However, I will interpret the oral arguments to include oral motions for summary judgment on behalf of both parties.